AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

**SEALED**

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| | ) | 4:21-mj-00002-VTW |
| JAMAAL S. HUNT | ) | |
| *Defendant(s)* | ) | |

**FILED**
01/25/2021
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of January 18, 2021 in the county of Jackson in the Southern District of Indiana, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841 (a)(1),(b)(1)(B) | Possession of Fentanyl with the Intent to Distribute |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

s/Mathew L. Carver
*Complainant's signature*

Mathew L. Carver, DEA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by telephonic *(reliable electronic means)*

Date: 1/25/2021

*Judge's signature*

City and state: New Albany, IN    Hon. Van T. Willis, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Mathew L. Carver, being duly sworn under oath, state as follows:

### Affiant Background and Purpose of Affidavit

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I am qualified as a federal officer as defined in Title 18, United States Code, 2510(7). I have been employed by the Seymour Police Department since 2011. I have been assigned to the Drug Enforcement Administration (DEA) as a Task Force Officer since 2018. I am currently assigned to the DEA Indianapolis District Office, Indianapolis, Indiana, and have been so assigned since 2018.

2. In connection with my official DEA duties, I investigate criminal violations of state and federal controlled substances laws, including, but not limited to, Title 21, United States Code, Sections 841, 843, 846 and 848, as well as Sections 952, 960 and 963. I have received special training in the enforcement of laws concerning controlled substances as found in Title 21 of the United States Code. I have been involved in various types of electronic surveillance and in the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances, and the laundering and concealing of proceeds from drug trafficking, in violation of Title 18, United States Code Sections, 1956 and 1957. I have received training in investigations involving the interception of wire and electronic communications. I am familiar with the ways in which drug traffickers conduct their business, including, but not limited to, their methods of importing and distributing controlled substances and their use of telephones and code language to conduct their transactions.

3. This affidavit is submitted in support of a criminal complaint charging Jamaal S.

HUNT with Possession of Fentanyl with the Intent to Distribute, in violation of Title 21, United States Code, Section 841 (a)(1),(b)(1)(B).

4. The statements contained in this Affidavit are based in part on my direct involvement in this investigation; on my experience and background as a Task Force Officer of the DEA; on information provided by and conversations held with other law enforcement officers, including Special Agents/Task Force Officers of the DEA, officers of the Indiana State Police, other law enforcement officers, and others described below; and on a review of reports and database records. I have not included each and every fact that has been revealed through the course of this investigation. I have set forth only the facts that sufficient to establish probable cause for the issuance of the Complaint and associated arrest warrant.

## Facts and Circumstances

5. On January 18, 2021, at approximately 2:00 p.m., Indiana State Trooper Randel Miller initiated a traffic stop following an observed infraction on a white Kia Forte bearing Michigan registration plate EFQ6857. The traffic stop was conducted on Interstate 65, near the 54 mile marker, in Jackson County, Indiana, in the Southern District of Indiana.

6. Trooper Miller approached the violator vehicle and made contact with the male driver, and sole occupant of the vehicle. The driver was formally identified by his Florida Driver's License as Jamaal S. HUNT. While speaking with HUNT, Trooper Miller noted that the interior of the vehicle smelled of marijuana. Trooper Miller requested that HUNT exit the vehicle, and accompany Trooper Miller to his marked police vehicle. HUNT agreed to do so. Once inside the police car, Trooper Miller read HUNT his Miranda Warnings. During the conversation with HUNT, HUNT admitted that there was marijuana inside the vehicle, and verbally informed Trooper Miller the location of the contraband.

7. During the search of the vehicle, Trooper Miller located two full size hand rolled cigars. Trooper Miller noted that the plant like material inside the cigars appeared to be marijuana, and the odor of marijuana was evident. Based on the marijuana seized from the vehicle, and the odor of marijuana emitting from HUNT's person, Trooper Miller conducted a search of HUNT's person. During the search, Trooper Miller felt a hard item in the groin area of HUNT's person. Trooper Miller noted that the item was not human. When questioned about the concealed item, HUNT stated that it was stool softener. HUNT described the item as a plastic bag, and informed Trooper Miller that it was concealed within the pocket of his underwear. Trooper Miller carefully removed a plastic bag containing a white/gray powder substance, from within the front pocket of HUNT's underwear. Trooper Miller recognized the substance as suspected heroin or fentanyl from his training and experience.

8. Troopers then conducted a recorded post arrest interview with HUNT. During the interview, HUNT stated that the substance located on his person was heroin. HUNT stated that he believed the heroin weighed approximately 50 grams. HUNT stated that he was being paid $1000.00 dollars to deliver the heroin from Michigan to Florida. HUNT stated that he had made the trip several times, however indicated that this was the first trip with narcotics. HUNT described the trip as a "test run."

9. The white/gray powder substance field tested and tested positive for fentanyl. The total weight of the suspected fentanyl was approximately 88.7 grams, including packaging.

## Conclusion and Request

10. Based upon my training and experience and the facts set forth herein, I respectfully submit that there is probable cause to believe that, on January 18, 2021, in Jackson County, Indiana, Jamaal S. HUNT committed the offense of Possession of Fentanyl with the Intent to

Distribution in violation of Title 21, United States Code, Section 841 (a)(1),(b)(1)(B). Accordingly, I request the Court issue a criminal complaint charging HUNT with these offenses and issue a warrant for his arrest.

                                        s/ Mathew L. Carver

                                        Task Force Officer
                                        Drug Enforcement Administration

Subscribed and sworn to me, pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), by reliable electronic means.

1/25/2021                                   _Van Willis_____
                                                 VAN WILLIS
                                                 United States Magistrate Judge
                                                 Southern District of Indiana